O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE PENA,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　　　Defendant. | CASE NO. ED CV 10-01086 RZ<br><br>MEMORANDUM OPINION AND ORDER |

　　　　　The Administrative Law Judge found that Plaintiff Gene Pena had a single severe impairment, equinus contractures of the legs with a history of polio. [AR 20] That impairment, according to the medical expert "means that the foot would turn downward and inward." [AR 63] In light of this impairment, the Administrative Law Judge placed various limitations on Plaintiff's residual functional capacity [AR 21] and, relying on the testimony of the vocational expert, found that there were jobs in the economy that Plaintiff could perform. Therefore, he found Plaintiff was not disabled. Plaintiff challenges the decision on two grounds.

　　　　　First, Plaintiff challenges the classification of Plaintiff's residual functional capacity as falling into the category of light work. Plaintiff notes that, had he been confined to sedentary work, the Medical-Vocational Guidelines ("the grids"), 20 C.F.R. Part 404, Subpart P, Appendix II, would have dictated a finding of "disabled" under Rule

201.14. Calling Plaintiff's capacity as one to perform light work, Plaintiff says, enabled the Administrative Law Judge to escape the directive of the grids — which are mandatory if they apply, *Cooper v. Sullivan,* 880 F.2d 1152 (9th Cir. 1989) — and instead wrongly to find Plaintiff "not disabled."

A person's capacity falls into the light category based largely on strength, the ability to lift no more than 20 pounds at a time, with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R.§ 404.1567(b). The regulations provide that a job also may fall into this category when, even though the amount lifted is not great, there is a significant amount of walking or standing involved. *Id*. Here, the Administrative Law Judge found that Plaintiff's ability to stand or walk was quite limited; he could do so for no more than a total of two hours in an eight hour period, and only in increments of fifteen to thirty minutes; he had to be able to use a cane as needed; he could not push pedals, climb ladders, run, jump, squat, kneel, crawl, balance, or walk on uneven terrain. [AR 21]

In this Court, Plaintiff states that the classification of light work is unreasonable. He says that a person who has to use a cane in one hand cannot simultaneously carry a twenty-pound object in the other hand. That is a plausible position, but it is not the state of the evidence. Thus, when the Administrative Law Judge asked the vocational expert her opinion of the ability to work if a claimant with the identified residual capacity needed a walker rather than just a cane, the expert replied that "it would eliminate all work because the hands would be monopolized hanging onto the walker." [AR 82] The clear inference of the statement is the reverse, that a claimant with the stated capacity could perform the jobs she specified using only a cane and, presumably therefore, having the other hand available to carry as needed. No contrary evidence in the record has been identified.

Thus, there was evidence to support the residual functional capacity that the Administrative Law Judge identified and, since Plaintiff could perform the strength component of light work, it was permissible for the Administrative Law Judge not to classify him as having only the capacity to perform sedentary work. In the circumstances

where one category of the grids would dictate a finding of "disabled," and a higher exertional category would dictate a finding of "not disabled," it is appropriate for the Administrative Law Judge to consult a vocational expert if the claimant's capacity lies somewhere in between. *Thomas v. Barnhart*, 278F.3d 947, 960 (9th Cir. 2002), *citing Moore v. Apfel*, 216 F.3d 864, 870-71 (9th Cir. 2000).

Plaintiff also contends that the Administrative Law Judge wrongly relied on the testimony of the vocational expert, because the vocational expert did not persuasively explain her deviation from the description of jobs in the Labor Department's DICTIONARY OF OCCUPATIONAL TITLES. Plaintiff says that the three jobs the vocational expert identified were jobs in the light category, and that the vocational expert's opinion of the number of jobs that would be eroded by Plaintiff's functional restrictions is not reliable because, when questioned, the vocational expert could not give strong back-up to her opinions. Calling such testimony a deviation from the DICTIONARY OF OCCUPATIONAL TITLES is a straw man. Testimony as to how many jobs exist does not mean that those jobs which do exist are not in the light category.

The real issue is whether the Administrative Law Judge was justified in accepting the testimony of the vocational expert, and relying on it as the basis for his conclusion that there were jobs in the economy that Plaintiff could perform. No Ninth Circuit authority has been cited on this point, but the Sixth Circuit has addressed the issue. In *Sias v. Secretary of Health and Human Services*, 861 F.2d 475 (6th Cir. 1988), the claimant was restricted to working with one leg elevated. Pointing out that the vocational expert had no personal knowledge of anyone working with such a restriction, the claimant asserted that the vocational expert therefore could not opine about the likelihood of employers accommodating his impairment. The Court, however, observed that "[i]t is the Secretary's job to evaluate the trustworthiness of a vocational expert's testimony," 861 F.2d at 480, and ruled that "[t]here is . . . no requirement that the vocational expert have direct first-hand knowledge of someone in the claimant's condition performing the jobs he is said to be capable of performing." 861 F.2d at 481. The Court concluded that there was

no reason to believe that the Administrative Law Judge had not carefully weighed the credibility of the witness, and that the Court could not make a *de novo* determination of the vocational expert's credibility. 861 F.2d at 481.

Likewise, in *Barker v. Shalala*, 40 F.3d 789 (6th Cir. 1994), the plaintiff challenged the testimony by the vocational expert, arguing that the identified jobs, as listed in the DICTIONARY OF OCCUPATIONAL TITLES, required different exertional and skill levels from those he retained after his impairments. The Court noted that the expert could, and did, explain the sources that he used for his opinion. The Court also noted that the expert was available for, and subject to vigorous cross-examination, that the expert's credibility was fully probed at the hearing, and that credibility was properly within the province of the Administrative Law Judge to determine. 40 F.3d at 795, *citing Sias, supra*. Finally, the Court noted that the Administrative Law Judge's credibility findings were entitled to deference on review, and that there was no clear error in accepting the vocational expert's testimony. *Id., citing King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984).

Here, Plaintiff's counsel examined the vocational expert as to the basis for his conclusion as to how much of the job base was eroded by the restrictions placed on Plaintiff's remaining functional capacity. The expert referred to her experience generally and responded to counsel's questions about how long it had been since she made site visits, and what records of those visits she had prepared. The visits were several years earlier; the records did not presently exist. [AR 83-87] But an expert is entitled to rely on knowledge generally acquired over time and, as in *Sias* and *Barker*, does not have to have precise personal knowledge as to the situations involved. The Administrative Law Judge, not the Court, makes the determination as to the credibility of the expert, and that determination is due deference. The Court sees no basis not to accord such deference here.

///
///
///
///

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: March 8, 2011

                                                              _____
                                                              RALPH ZAREFSKY
                                                              UNITED STATES MAGISTRATE JUDGE